IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RUDIE THOMAS,

                    Plaintiff,

     v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.,
DOES 1-10, RESMAE MORTGAGE
CORP., BANK OF AMERICA NA,
WILSHIRE CREDIT CORP., and
QUALITY LOAN SERVICE CORP.,

                    Defendants.

No. 3:13-cv-02197-HZ

OPINION & ORDER

Rudie Thomas
496 NE 17th Ave
Hillsboro, OR 97124

       Pro Se Plaintiff

James P. Laurick
Kilmer Voorhees & Laurick, PC
732 NW 19th Avenue
Portland, OR 97209

Ellis W. Wilder
McCarthy & Holthus
920 SW 3rd Avenue, First Floor
Portland, OR 97204

 Attorneys for Defendants

HERNÁNDEZ, District Judge:

 Plaintiff Rudie Thomas alleges ten causes action, including fraud, violation of the Truth in Lending Act, violation of California's Rosenthal Act, negligence, violation of the Real Estate Settlement Procedures Act, breach of fiduciary duty, violations of California's business and professions code, breach of contract, breach of implied covenant of good faith and fair dealing, and wrongful foreclosure.  An entry of default has been entered against Defendant Quality Loan Service Corporation.

 Defendants Bank of America NA, MERS, and Wilshire Credit Corporation (collectively BANA) move to dismiss for failure to state a claim and for lack of jurisdiction [28].  Defendant Quality Loan moves to set aside the entry of default and also moves to dismiss for failure to comply with Rule 8 and for failure to state a claim [44].  Because Plaintiff's claims against Defendants BANA are barred by res judicata, their motion to dismiss is granted and Plaintiff's claims are dismissed with prejudice.  Defendant Quality Loan's motion is also granted because there is good cause to set aside the entry of default.  I also find that Plaintiff has failed to state a claim against Quality Loan and that Plaintiff's complaint fails to comply with Rule 8.

BACKGROUND

 Plaintiff's complaint is 74 pages long with over 50 pages of exhibits.  The following allegations were discernable.  Plaintiff alleges that he is the owner of residential property located at 5048 Crescent Bay Drive in San Diego, California.  Compl. ¶¶ 7, 22.  Plaintiff entered into a loan with Resmae Mortgage for $632,454.40.  Id. at ¶ 40, Compl. Ex. 1 at 2.  The loan was

2 - OPINION & ORDER

secured by a deed of trust for the residential property that was recorded March 21, 2006. Id. at ¶¶ 40, 44. Wilshire Credit acquired the rights to service the loan. Id. at ¶ 45. On August 15, 2007, Wilshire Credit filed a notice of default in San Diego County. Id. at ¶ 46. Throughout the complaint, Plaintiff repeatedly alleges that MERS was a suspended California corporation as of December 1, 2005. See Compl.

STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the claims. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "All allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Am. Family Ass'n, Inc. v. City & Cnty. of S.F., 277 F.3d 1114, 1120 (9th Cir. 2002). However, the court need not accept conclusory allegations as truthful. Warren v. Fox Family Worldwide, Inc., 328 F.3d 1136, 1139 (9th Cir. 2003) ("[W]e are not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint, and we do not necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations.") (quotation and citations omitted).

A motion to dismiss under Rule 12(b)(6) will be granted if plaintiff alleges the "grounds" of his "entitlement to relief" with nothing "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action[.]" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level…on the assumption that all the allegations in the complaint are true (even if doubtful in fact)[.]" Id. (citations and footnote omitted).

To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[,]" meaning "when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)

(quotation omitted). Additionally, "only a complaint that states a plausible claim for relief

survives a motion to dismiss." Id. at 679. The complaint must contain "well-pleaded facts"

which "permit the court to infer more than the mere possibility of misconduct." Id.

DISCUSSION

I.      Defendants BANA's Motion to Dismiss

        Defendants BANA move to dismiss Plaintiff's complaint with prejudice because of

improper service and res judicata. Defendants BANA has produced convincing evidence that

they were never properly served by Plaintiff. The Salem, Oregon office of CT Corporation,

where Plaintiff asserts that he served Defendants BANA, does not have any record of any

attempted or actual service by Plaintiff. Poole Decl. [63] ¶¶ 8-9. Additionally, in a prior action

involving Plaintiff and Bank of America in the Southern District of California, CT Corporation

disputed Plaintiff's proof of service. Laurick Decl. Opp'n Default [27] Ex. 6 ("CTCS

determined that it had not been served with the summons or the complaint filed by Plaintiff.").

        Even if Plaintiff were to correct the improper service, I find that Plaintiff's complaint is

barred by res judicata. In Oregon, a plaintiff is barred on res judicata grounds from bringing a

second action against the same defendant, where plaintiff has brought a first action against the

defendant to final judgment and "the claim in the second action … is based on the same factual

transaction that was at issue in the first [action], seeks a remedy additional or alternative to the

one sought earlier, and … could have been joined in the first action." Rennie v. Freeway

Transport, 656 P.2d 919, 921 (Or. 1982). This type of res judicata, commonly known as claim

preclusion, "bars prosecution of claims [that may] have never in fact been litigated between the

parties." Id.  In other words, "[t]he prior judgment is deemed to have effected a merger or bar of all claims against the defendant available to the plaintiff arising from the transaction that was at issue irrespective of whether plaintiff had actually asserted them in that action." Id. at 921-22.

This case is one in a series of cases that Plaintiff has brought against Bank of America and other parties in state and federal courts to challenge the foreclosure of the same residential property.  Supp. Laurick Decl. [56] Ex. 1 at 2-4 (Apr. 10, 2014 Order in Thomas v. Bank of America et al, No. 13-cv-1576).  In Plaintiff's most recent two federal court cases brought in the Southern District of California, Plaintiff continued to challenge the foreclosure of the same residential property.  Id. at 3-4.  Both courts dismissed Plaintiff's complaints on res judicata grounds.  Furthermore, Plaintiff has been declared a vexatious litigant and must seek court approval before filing any future actions against Bank of America regarding the foreclosure of the same residential property.  Id. at 6.

Defendants BANA again raise res judicata and urge the court to dismiss Plaintiff's claims with prejudice.  Plaintiff offers no response to Defendants BANA's res judicata argument.  Plaintiff's claims are based on the foreclosure of the same residential property that has been the subject of the prior state and federal actions.  I find that Plaintiff's claims are barred by res judicata.  Because amendment would be futile, Plaintiff's claims against Defendants BANA are dismissed with prejudice.

II.     Defendant Quality Loan's Motions

Quality Loan moves to set aside the clerk's entry of default and to dismiss the complaint for failure to state a claim.

Under Rule 55(c), a court may set aside an entry of default for "good cause."  See United States v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir.

2010).  To determine whether a defendant has shown good cause to justify vacating entry of default, a court considers three factors:  (1) whether the defendant engaged in culpable conduct that led to the default; (2) whether the defendant had a meritorious defense; and (3) whether reopening the default would prejudice plaintiff.  See id. (citing Franchise Holding II, LLC v. Huntington Rests. Group., Inc., 375 F.3d 922, 925 (9th Cir. 2004)).  This standard is disjunctive; and the court may deny the request to vacate default if any of the three factors is true.  See id. "Crucially, however, '[j]udgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.'"  Id. (quoting Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 1984)).

Quality Loan explains that the default should be set aside because it did not engage in culpable conduct, would likely have a meritorious defense, and there would be no prejudice to Plaintiff.  I agree.  Plaintiff's complaint mentions Quality Loan as a defendant only in the context of relief requested and was not listed in the case caption as a defendant.  Quality Loan was unsure of its obligation to answer.  Quality Loan also anticipates having a meritorious defense against any claims that it was not a valid successor trustee regarding the foreclosure of Plaintiff's residential property.  Finally, Plaintiff has not indicated what prejudice it would suffer if the default were set aside.  Plaintiff instead argues that he suffered prejudice resulting from the foreclosure.  I find good cause to set aside the entry of default.

Regarding the motion to dismiss, the complaint is void of any factual allegations involving Quality Loan.  As stated earlier, Quality Loan only appears in the prayer for relief section.  Therefore, Plaintiff has failed to state a claim against Quality Loan, and the motion to dismiss is granted.  Plaintiff's complaint also fails to comply with Rule 8, which requires that a pleading contain a "*short and plain* statement of the claim showing that the pleader is entitled to

relief." Fed. R. Civ. P. 8(a)(2) (emphasis added).  "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (quotation omitted).  If Plaintiff wishes to file an amended complaint, the complaint *must* comply with Rule 8.

## CONCLUSION

Based on the foregoing, Defendants BANA's motion to dismiss for failure to state a claim [28] is granted.  Plaintiff's complaint is dismissed with prejudice against Defendants BANA.  Defendant Quality Loan's motion to set aside the entry of default and dismiss [44] is also granted.  Plaintiff may file an amended complaint against Quality Loan within 30 days of this order.  All other pending motions [10, 16, 57, 58] are denied as moot.

IT IS SO ORDERED.

Dated this _____ day of June, 2014.

MARCO A. HERNÁNDEZ
United States District Judge